*In re* PLUMMER ESTATE

DEPARTMENT OF TREASURY v PLUMMER

1. INFANTS—INCARCERATION—EXPENSES—LIABILITY.

The failure of the Legislature to adopt legislation dealing specifically with the reimbursement from the estate of a minor for the expenses of incarcerating the minor in a state institution, while providing for reimbursement by a parent or guardian for these expenses and reimbursement to the state for the expenses of prisoners incarcerated in specific state institutions and from the estates of incompetents indicates that the Legislature did not intend that reimbursement from the estate of a minor be made (MCLA 330.26 *et seq.;* 712A.18; 800.401 *et seq.*).

2. COURTS—PROBATE COURT—JURISDICTION—PETITION FOR REHEARING.

An objection to a claim against the estate of a minor should be treated as a petition for rehearing of a prior order of the probate court which was the source of the claim, since a petition for rehearing of an order of a probate court may be made at any time while the child is still under the jurisdiction of the probate court (MCLA 712A.21).

Appeal from Lapeer, James P. Churchill, J. Submitted Division 2 June 8, 1972, at Lansing. (Docket No. 12817.) Decided August 30, 1972.

Complaint by the Department of Treasury of the State of Michigan against Mabelle Plummer, guardian of the estate of Craig Plummer, for payment of Craig's expenses while incarcerated. Judgment for plaintiff in probate court. Defendant

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 6, 31.
[2] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 57.

appealed to circuit court. Judgment for defendant. Plaintiff appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *Charles E. Liken,* Assistants Attorney General, for plaintiff.

*Taylor, Carter & Butterfield, P. C.,* for defendant.

Before: BRONSON, P. J., and DANHOF and VAN VALKENBURG,* JJ.

DANHOF, J. By an order of the Probate Court for the County of Lapeer dated May 24, 1968, Craig Plummer was ordered committed to the Boys' Training School. The order further provided:

"It is Further Ordered, That all parental rights and responsibilities are not hereby terminated, and that there shall be paid to the Department of Revenue of the State of Michigan the cost of care of such child in such state agency by Mabelle Plummer, his guardian, as soon as funds are available from his father's estate."

On January 29, 1971, Mabelle Plummer, as guardian, filed a pleading entitled "Objection to Claim". This pleading objected to the allowance of any claim filed by the State of Michigan for Craig's expenses while incarcerated. On February 3, 1971, the State of Michigan filed a claim in the amount of $4,016.51. A hearing was held on March 30, 1971. Relying on its previous order of May 24, 1968, the probate court allowed the claim. Mabelle Plummer then appealed to the circuit court. The

_____

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

circuit court set aside the order of the probate court and the state has appealed on leave granted. We affirm the order of the circuit court.

Under the facts of this case the order requiring reimbursement to the state out of a minor's estate cannot be entered. The statute under which the probate court was operating, MCLA 712A.18; MSA 27.3178(598.18) has several specific references to reimbursement to the state. Relevant portions of MCLA 712A.18(e); MSA 27.3178(598.18[e]) read:

> "In every commitment to a state or county institution or agency under this subsection, except when all parental rights are terminated, the order shall contain a provision requiring the parent or parents retaining parental rights to reimburse the state or county monthly for the cost of the care given the child to the extent such parent or parents are able so to do as shall be determined by the court. The amount of such reimbursement to be paid shall be included in the order of commitment of the child. * * * The court in every order of commitment to a state institution or agency under this subsection shall name the superintendent of the institution to which the child is committed as a special guardian to receive any benefits due the child from the government of the United States, and such benefits are to be used to the extent necessary to pay for the portions of the cost of care in the institution which the parent or parents are found unable to pay."

MCLA 712A.18(g); MSA 27.3178(598.18[g]) provides:

> "Require that the parent or other adult legally responsible for the care of such child, unless said child is in the permanent custody of the court, provide such care, or reimburse the county or state for the cost of any care provided or to be provided by the county or state on order of the court, as shall to the court seem reasonable and within the ability of said parent or adult so to do, and such reimbursement shall be credited to the general fund of the county or state."

Another statute of some relevance is MCLA 800.401 *et seq;* MSA 28.1701 *et seq.* This statute provides for reimbursement to the state by persons held in the state prison at Jackson, the Marquette branch prison, and the Ionia Reformatory. MCLA 330.26 *et seq;* MSA 14.816 *et seq* provides for reimbursement from the estates of incompetents.

Examination of the statutes clearly indicate that the Legislature has devoted considerable attention to specific provisions governing reimbursement to the state for the expenses of persons incarcerated in a state institution. Significantly the Legislature has not seen fit to adopt legislation dealing specifically with reimbursement from the estate of a minor.

In spite of the failure of the Legislature to deal specifically with this problem, the state argues that recovery may be had under MCLA 703.17; MSA 27.3178(217), which provides:

"Every guardian appointed under the provisions of this chapter, whether for a minor or any other person, shall frugally and without waste, manage the estate of his ward, shall pay all just debts due from the ward and all expenses incurred in the care, support or comfortable and suitable maintenance of such ward, and his family if there be any, as may be approved by the judge of probate, either upon a petition filed therefor, or at the time of the allowance of said guardian's account, out of the ward's personal estate, and the income of his real estate, if sufficient, and if not, then out of his real estate, upon obtaining license for the sale thereof, and disposing of the same in the manner provided by law."

We cannot agree with the state's position. If the Legislature had intended that the state be reimbursed from a minor's estate for the expenses of incarcerating the minor in a state institution they would have enacted a statute that specifically

dealt with this question.[1] The remedy for this problem must come from the Legislature.

A question has been raised regarding the finality of the circuit court's order. Our review of the record convinces us that a final order was intended and in the light of the foregoing discussion we believe that further proceedings in the circuit court are unnecessary. Therefore, the following sentence is added to the circuit court's order: The order of the Probate Court is reversed. GCR 1963, 820.1(7).

Another difficulty is presented by the fact that the original order entered in 1968 was not appealed. The state contends that this appeal of the order allowing the claim is an improper attempt to relitigate issues that were decided by the original order. MCLA 712A.21; MSA 27.3178(598.21) provides that at any time while the child is under the jurisdiction of the probate court a petition for rehearing may be made. Under the particular facts of this case we think that the probate court should have treated the "Objection to Claim" as a petition for rehearing and that the failure to do so was error. GCR 1963, 820.1(7). The order of the circuit court is modified and as modified is affirmed. The cause is remanded to the Probate Court for the County of Lapeer for further proceedings consistent with this opinion.

All concurred.

---

[1] In cases where the state, or another party, would have a common-law action for restitution it would be unnecessary to have a specific statutory authorization to recover from a minor's estate. This is not one of those cases.